[Cite as *State v. Casshie*, 2012-Ohio-363.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96942**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ADAM CASSHIE

DEFENDANT-APPELLANT

---

**JUDGMENT:**
**AFFIRMED**

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-549414

**BEFORE:**  Jones, J., Sweeney, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**  February 2, 2012

**ATTORNEY FOR APPELLANT**

Cullen Sweeney
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Colleen Reali
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


LARRY A. JONES, J.:

{¶ 1} Defendant-appellant, Adam Casshie, appeals his sentence for domestic violence. We affirm.

{¶ 2} In 2011, Casshie was charged with domestic violence, a fourth degree felony. He pled guilty and the trial court sentenced him to 18 months in prison. It is from this sentence that Casshie appeals, raising the following assignment of error for our review:

"I. The trial court violated Mr. Casshie's constitutional and statutory right to a sentence based on consideration of the factors set forth in the Ohio Revised Code,

and not the conduct of another defendant in an unrelated case."

{¶ 3} We use a two-step approach when reviewing felony sentences. First, we examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 26; *see also State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

{¶ 4} Thus, in the first step of our analysis, we review whether a defendant's sentence is contrary to law as required by R.C. 2953.08(G).

{¶ 5} As the *Kalish* court noted, post- *Foster*, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence." *Id.* at ¶ 11; *Foster*, paragraph seven of the syllabus. The *Kalish* court declared that although *Foster* eliminated mandatory judicial fact-finding, it left R.C. 2929.11 and 2929.12 intact. *Kalish* at ¶ 13. As a result, the trial court must still consider these statutes when imposing a sentence. *Id.*, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 6} R.C. 2929.11(A) provides that

a court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing[,] * * * to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future

crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶ 7} The *Kalish* court noted that R.C. 2929.11 and 2929.12 are not fact-finding statutes; rather, they "serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence." *Kalish* at *id.* Thus, "[i]n considering these statutes in light of *Foster*, the trial court has full discretion to determine whether the sentence satisfies the overriding purposes of Ohio's sentencing structure." *Id.*

{¶ 8} In the instant case, the trial court sentenced Casshie to 18 months in prison for a fourth degree felony; although he received the maximum sentence for a fourth degree felony, his sentence was not contrary to law. *See* R.C. 2929.14(A)(4). Thus, the first prong of *Kalish* has been met and we proceed to determine whether the trial court abused its discretion in sentencing Casshie to 18 months in prison. *Kalish* at ¶ 4, 19. "An abuse of discretion is 'more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Id.* at ¶ 19, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 9} Casshie claims that he was sentenced to prison, instead of inpatient treatment, based mainly on the actions of another defendant; therefore, the trial court abused its discretion in sentencing him to prison. During the sentencing hearing, defense counsel requested that Casshie be sentenced to "some type of inpatient treatment"

to help him with his "psychologic[al] issues." In response, the trial court stated

> I just sentenced a guy right before you, actually about an hour ago, where I sent him to inpatient treatment for mental health and drug problems, and he walked out the first day I put him in the treatment program. So you can thank [that defendant] for what I'm about to do. Because I don't feel that you're safe or your family is safe with you walking the streets.

{¶ 10} Although the trial court should have used greater discretion in choosing its words, we do not find that the above-cited excerpt per se deems Casshie's sentence unfair. Contrary to Casshie's claim that the trial court only sentenced him to prison because another defendant did not complete treatment, a review of the sentencing transcript indicates that the other defendant's actions were not the basis for Casshie's sentence.

{¶ 11} In sentencing Casshie, the court noted that he had recently gotten out of prison for another crime and was out for only seven months before committing the domestic violence against his wife. During the hearing, Casshie's wife read a lengthy statement in which she detailed the history with her abusive husband as well the current domestic violence that happened in front of their young daughter. She asked the trial court to protect her and her children from Casshie.

{¶ 12} In sentencing Casshie, the trial court detailed his extensive criminal record and history of incarceration, which included juvenile adjudications for assault, vandalism, and conspiracy, and adult convictions for criminal mischief, receiving stolen property, theft, forgery, falsification, contempt, burglary, disorderly conduct, obstructing official business, domestic violence, and weapons charges. Moreover, contrary to Casshie's claim that he should have been sent to inpatient mental health treatment in lieu of prison

to treat his "diagnosed mental illness," during sentencing defense counsel indicated only that Casshie had "psychologic[al] issues" that had not yet been properly diagnosed.

{¶ 13} The court stated on the record that it considered the purposes and principles of sentencing. In the sentencing journal entry, the court stated that it "considered all factors of the law" and found "that prison is consistent with the purpose of R.C. 2929.11."

{¶ 14} Based on these facts, we conclude that the trial court did not abuse its discretion in sentencing Casshie to prison.

{¶ 15} The assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, JUDGE

JAMES J. SWEENEY, P.J., and
EILEEN A. GALLAGHER, J., CONCUR